**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

7305 COMMERCIAL LLC,

     Plaintiff,

v.

FLORIDA DEPARTMENT OF
HIGHWAY SAFETY AND MOTOR
VEHICLES,

     Defendant.

CASE NO. _____

## COMPLAINT

Plaintiff 7305 Commercial LLC ("Owner"), by and through undersigned counsel, hereby files this Complaint against Defendant Florida Department of Highway Safety and Motor Vehicles ("Defendant" or the "FLHSMV"), and alleges as follows:

## INTRODUCTION

1.     Owner acquired property located at 7305 Commercial Circle in Fort Pierce, Florida, with the express purpose of building a multi-tenant auto-dealer campus. Under Florida law, specifically Fla. Stat. § 320.27 and the implementing regulation, Fla. Admin. Code r. 15C-7.003 ("Rule 15C-7.003), there is no numerical limit on how many separately licensed dealers may co-locate on a single property so long as the facility meets the location, signage, and parking requirements set forth in the rule.

2.     Shortly after completing renovations and installing required monument signage, Owner entered leases with more than twenty independent car dealers, each of

whom timely applied to transfer its existing dealer license to the new campus. Rather than approving these fully compliant applications, senior FLHSMV officials began denying or indefinitely delaying license transfers, first citing "ongoing renovations" and then imposing arbitrary, unwritten "caps" on the amount of dealers that could use the campus. These limits have no basis in statute, rule, or the agency's written policy, and FLHSMV repeatedly refused to provide written denial notices or to hold a formal administrative hearing despite multiple requests.

3. As a direct result of FLHSMV's actions, Owner has been unable to realize the campus's intended economic and community benefits, while similarly situated properties in Orlando and elsewhere in the state routinely house dozens of dealers without objection.

4. Owner seeks a declaration: (1) that the Property is in full compliance with Rule 15C-7.003; (2) that FLHSMV's dealer limitation violates the Fourteenth Amendment's Equal Protection and Due Process Clauses, and (3) for injunctive relief barring further arbitrary denials.

## PARTIES, JURISDICTION, AND VENUE

5. Owner is a Florida limited liability company with its principal place of business in Fort Pierce, Florida.

6. FLHSMV is an executive-branch agency of the State of Florida, created pursuant to Fla. Stat. § 20.24, and headquartered in Tallahassee.

7. FLHSMV may be served via the State Attorney for the Second Judicial Circuit (State Attorney's Office, Leon County, 301 South Monroe Street, Suite 475, Tallahassee, FL 32301) and by certified mail to the Executive Director, FLHSMV (2900 Apalachee Parkway, MS 01, Tallahassee, FL 32399) and the Attorney General (PL-01 The Capitol, Tallahassee,

FL 32399-1050) per Fla. Stat. § 48.121(1).

8.    Federal-question and civil-rights jurisdiction exist under 28 U.S.C. §§ 1331, 1343, 1367, and 42 U.S.C. §§ 1983, 1988.

9.    In addition to the federal claims, Owner brings claims under the Florida Constitution (Article I, Sections 2 and 9) and Florida's Declaratory Judgment Act. These state-law causes of action arise out of the same nucleus of operative fact as Owner's federal Section 1983 and Declaratory Judgment Act claims, namely, FLHSMV's arbitrary denial of dealer-license transfers in violation of procedural and substantive due process and equal protection. Accordingly, this Court may exercise supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367(a), as they form part of the same case or controversy and will neither substantially predominate over nor unduly complicate the adjudication of the federal issues.

10.    Venue is proper in this District under 28 U.S.C. § 1391(b) and Fla. Stat. § 47.011.

11.    The relief requested, declaratory and injunctive, seeks only prospective relief and is fully authorized under federal and Florida law.

## **FACTUAL ALLEGATIONS**

A.  *Property Acquisition & Initial License Transfers*

12.    On May 12, 2023, Owner purchased 7305 Commercial Circle, Fort Pierce, Florida 34951 (the "Property"), with the intent to develop a multi-tenant auto-dealer campus.

13.    Florida motor vehicle dealers are governed by Fla. Stat. § 320.27 and Rule 15C-7.003.

14. Rule 15C-7.003, among other things, provides the location standards and operational requirements for motor vehicle dealerships.

15. Neither the statute nor the rule imposes any limit on co-location of dealerships.

16. In June 2023, Owner leased space to N&N Car Sales and MotorMall, each of which promptly applied to transfer its dealership license to the Property.

17. FLHSMV Senior Compliance Analyst Duane Daney denied both transfer requests, citing "ongoing renovations" at the Property and suggesting he was sparing Owner from "difficult tenants."

B. *Arbitrary Dealer Caps*

18. After completing renovations in September 2023, FLHSMV approved only N&N's transfer and delayed MotorMall's, citing alleged paperwork defects.

19. Mr. Daney then instructed Owner's manager, Grant Leroux, to install a monument sign, assuring him that once installed, the Property could be "filled up." Owner complied immediately.

20. Within two weeks, Owner contracted with approximately twenty additional dealers (including Caspi Auto Sales, Connect Auto Lenders, MJ Auto Lease, Ocean Auto Sales, Seabreeze Auto, and South Florida Auto Sales), each of whom promptly applied for a license transfer.

21. On October 6, 2023, Mr. Daney informed Mr. Leroux that FLHSMV would approve only "three or four dealers" at the Property, not for any compliance deficiency, but allegedly to avoid "confusing" customers.

22. Beginning October 9, 2023, FLHSMV directed prospective tenants to seek

other locations.

23.    When Mr. Leroux demanded an explanation, Mr. Daney scheduled a joint inspection with Teresa Pedroso, Services Manager for FLHSMV, for October 12, 2023.

24.    At that inspection, Ms. Pedroso invoked the same spurious "confusion" rationale, this time capping occupancy at six dealers, yet she refused to issue any written denial of additional dealers or provide a rationale.

C.  *Continued Denials*

25.    On October 20, 2023, Ms. Pedroso reconfirmed by telephone the claimed six-tenant limit, again refusing to memorialize any findings in writing.

26.    Prospective dealers who were denied transfer to the Property demanded return of their security deposits from Owner.

27.    On October 26, 2023, Mr. LeRoux emailed Mr. Daney, demanding a written rationale by October 30, 2023 of any alleged noncompliance with Rule 15C-7.003.

28.    FLHSMV refused to respond or provide any further information.

29.    Around October 31, 2023, Mr. Daney notified the four pending and two already approved dealers that the Property was "no longer compliant," without identifying any specific rule or requirement.

30.    Owner retained counsel and sent FLHSMV a demand letter requesting formal findings and acceptance of the pending license applications.

31.    In response, on November 1, 2023, FLHSMV's counsel admitted he lacked firsthand evidence of noncompliance, relying instead on secondhand "signage issue" reports.

32.    He advised that the dealers could request a formal "Dealer Conference" once a

specified monument sign was installed.

33.     Hours later, however, Mr. Daney informed all pending applicants that, regardless of any conference, "nobody will be approved" at the Property, circumventing the written denial requirement under Fla. Stat. § 120.60.

34.     Mr. Leroux immediately documented full signage compliance and detailed Owner's losses to FLHSMV employees Kyle Cockream and Brett Saunders.

35.     Subsequently, FLHSMV's attorney, Daniel Biggins, identified only two minor issues at the Property, specifically, separate mailing addresses and street-visible signage, both of which Owner cured by November 2024, thereby rendering the Property in full compliance with all statutory and regulatory requirements.

36.     Despite these corrections, FLHSMV continues to improperly deny dealer applications for the Property to this day.

*D. Disparate Treatment of Similarly Situated Properties*

37.     FLHSMV permits other, similarly situated properties to house more than fifty dealers at a single site without objection.

38.     For example, Justus Orlando, located at 18580 E. Colonial Drive, Orlando, Florida, 32820, currently houses more than fifty dealers with no challenge from FLHSMV.

*E. Exhaustion of Administrative Remedies*

39.     Owner has repeatedly demanded written rulings on each outstanding license, but FLHSMV has refused to issue them.

40.     There are no constitutionally adequate administrative remedies available to Owner; alternatively, all administrative remedies have been exhausted or would otherwise prove futile.

41.     Owner has performed all conditions precedent prior to bringing this action or such have been waived by FLHSMV.

**COUNT I:**
**VIOLATION OF EQUAL PROTECTION, U.S. CONST. AMEND. XIV; 42 U.S.C.**
**§ 1983**

42.     Owner re-alleges and incorporates by reference the allegations in Paragraphs 1 – 41 above as if fully set forth herein.

43.     Under 42 U.S.C. §§ 1983 and 1988, Owner seeks declaratory and injunctive relief against FLHSMV's enforcement of Rule 15C-7.003 in a manner that denies Owner equal protection of the laws guaranteed by the Fourteenth Amendment.

44.     Under the Ex parte Young doctrine, a plaintiff may seek prospective declaratory and injunctive relief against state agencies to enjoin ongoing violations of federal law. See Ex parte Young, 209 U.S. 123 (1908); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

45.     The Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1.

46.     Under 42 U.S.C. § 1983, actions are authorized against any person who deprives another of rights secured by the Constitution under color of state law.

47.     Defendant, acting through its employees Mr. Daney and Ms. Pedroso, enforced Rule 15C-7.003 in an arbitrary and discriminatory fashion under color of state law.

48. Although Rule 15C-7.003 contains no co-location cap, FLHSMV imposed an unwritten limit of three to four dealers (later changed to six) at the Property solely to "avoid confusion," without any statutory or regulatory basis.

49. FLHSMV's conduct has treated Owner differently from other similarly situated property owners who have received approval to co-locate dozens of dealers—e.g., Justus Orlando (18580 E. Colonial Drive, Orlando, FL 32820), which currently operates with over fifty dealers on one campus.

50. This disparate treatment is intentional, reflecting animus toward Owner and its multi-tenant auto-dealer campus concept.

51. There is no rational basis for imposing a dealer cap on Owner's fully compliant Property, while permitting other sites to house fifty or more dealers.

52. As a direct result of Defendant's unequal application of Rule 15C-7.003, Owner has suffered—and continues to suffer—irreparable harm, including the loss of real and personal property rights and the deprivation of its right to equal protection under the law.

53. Owner has no adequate remedy at law to redress these ongoing constitutional violations and faces a present, actual controversy warranting declaratory and injunctive relief.

54. All interested parties are properly before this Court, and the relief sought will vindicate not only Owner's rights but the public interest in neutral and nondiscriminatory application of state regulatory schemes.

55. By reason of the foregoing, Owner is entitled to such declaratory and injunctive relief as the Court deems just and proper.

## COUNT II:
## VIOLATION OF FLORIDA CONSTITUTIONAL DUE PROCESS
## (Art. I, § 9)

56.     Owner realleges and incorporates by reference Paragraphs 1–41 above as if fully set forth herein.

57.     Under the Ex parte Young doctrine, a plaintiff may seek prospective declaratory and injunctive relief against state agencies to enjoin ongoing violations of state law, including the Florida Constitution. See Ex parte Young, 209 U.S. 123 (1908); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

58.     This Court has supplemental jurisdiction over Owner's state-law claims under 28 U.S.C. § 1367(a) because they arise from the same common nucleus of operative fact as Owner's federal claims and will not predominate over the federal issues.

59.     Article I, Section 9 of the Florida Constitution provides that "[n]o person shall be deprived of life, liberty or property without due process of law."

60.     By refusing to process, approve, or issue written decisions on Owner's fully compliant dealer-license applications, Defendant violated Owner's procedural due-process rights in at least the following respects:

     a.     FLHSMV never issued written denials of the pending license applications as required by Fla. Stat. § 120.60(3).

     b.     FLHSMV refused to afford Owner a formal administrative hearing under Fla. Stat. § 120.569.

     c.     FLHSMV imposed unwritten, arbitrary "caps" on the number of dealers at the Property, measures nowhere authorized by Rule 15C-7.003 or statute.

61.    The foregoing list is exemplary, not exhaustive, of FLHSMV's due-process violations as applied to Owner.

62.    As a result, Owner has been deprived of real and personal property rights without constitutionally adequate process.

63.    No adequate remedy at law exists to redress these ongoing due-process violations, and there is a present, actual need for declaratory and injunctive relief.

## COUNT III:
## VIOLATION OF FLORIDA CONSTITUTIONAL EQUAL PROTECTION
## (Art. I, § 2)

64.    Owner realleges and incorporates by reference Paragraphs 1–41 above as if fully set forth herein.

65.    Under the Ex parte Young doctrine, a plaintiff may seek prospective declaratory and injunctive relief against state agencies to enjoin ongoing violations of state law, including the Florida Constitution. See Ex parte Young, 209 U.S. 123 (1908); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

66.    This Court has supplemental jurisdiction over Owner's state-law claims under 28 U.S.C. § 1367(a) because they arise from the same common nucleus of operative fact as Owner's federal claims and will not predominate over the federal issues.

67.    Article I, Section 2 of the Florida Constitution guarantees that "[a]ll natural persons ... are equal before the law ... and shall have inalienable rights ... to acquire, possess and protect property."

68.    Despite full compliance with Rule 15C-7.003, FLHSMV's final decision-makers treated Owner differently than similarly situated property owners.

69.     For example, FLHSMV allows Justus Orlando to house over fifty dealers under the same rule interpretation, yet caps Owner at six.

70.     FLHSMV's disparate treatment is intentional, reflecting animus toward Owner's proposed auto-dealer campus.

71.     There is no rational or statutory basis for singling out Owner for a dealer-cap while permitting other sites to operate with dozens of dealers.

72.     As a direct consequence, Owner has suffered—and continues to suffer— irreparable harm, including the loss of property rights and the denial of equal protection.

73.     Owner has no adequate remedy at law to correct FLHSMV's unequal enforcement of Rule 15C-7.003.

74.     An actual controversy exists and, accordingly, declaratory and injunctive relief are necessary to prevent ongoing violations of Florida Constitution's Equal Protection guarantee.

**COUNT IV:**
**REQUEST FOR DECLARATORY RELIEF**
**(Fla. Stat. § 86.011)**

75.     Owner realleges and incorporates by reference Paragraphs 1–41 above as if fully set forth herein.

76.     Under the Ex parte Young doctrine, a plaintiff may seek prospective declaratory and injunctive relief against state agencies to enjoin ongoing violations of state law, including the Florida Constitution. See Ex parte Young, 209 U.S. 123 (1908); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

77.     This Court has supplemental jurisdiction over Owner's state-law claims under 28 U.S.C. § 1367(a), because they arise out of the same nucleus of operative fact as the

federal claims and will not predominate over the adjudication of the federal issues.

78.   As more fully set forth in Counts II and III above, Defendant has deprived Owner of its procedural due process and equal protection rights guaranteed by Article I, Sections 2 and 9 of the Florida Constitution

79.   By applying Rule 15C-7.003 to Owner, FLHSMV violated Owner's procedural-due-process rights in at least three respects:

a.   FLHSMV never issued written denials of the pending license applications as required by Fla. Stat. § 120.60(3).

b.   FLHSMV refused to afford Owner a formal administrative hearing under Fla. Stat. § 120.569.

c.   FLHSMV imposed unwritten, arbitrary "caps" on the number of dealers at the Property, measures nowhere authorized by Rule 15C-7.003 or statute.

80.   Further, despite full compliance with Rule 15C-7.003, FLHSMV's final decision-makers treated Owner differently than similarly situated property owners.

81.   All interested parties are properly before this Court, and the process has been duly observed.

82.   The relief sought is not advisory but addresses a real, present controversy over state-action violations of due process and equal protection.

83.   Owner is entitled to a declaratory judgment declaring the acts of Defendant to be invalid, illegal, and in deprivation of those rights secured to Owner by the Florida Constitution.

84.   Absent such relief, Owner faces continued uncertainty and ongoing harm from FLHSMV's unauthorized actions.

85.   Owner is entitled to a declaration that:

a.   The Property complies in all respects with Rule 15C-7.003;

b.   FLHSMV's imposition of any unwritten cap on the number of dealers at the Property is arbitrary, capricious, and contrary to law; and

c.   FLHSMV's denials and delays or dealer-license applications to the Property violate Owner's procedural and substantive due process and equal protection rights under the U. S and Florida Constitutions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff 7305 Commercial LLC respectfully requests that this Court enter judgment in its favor and grant the following relief:

1.   Declaratory Relief

a)   Declare that the Property complies in all respects with Rule 15C-7.003;

b)   Declare that FLHSMV's enforcement of unwritten "dealer caps" at Owner's Property violates the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983;

c)   Declare that FLHSMV's application of Rule 15C-7.003 violates Article I, Sections 2 and 9 of the Florida Constitution;

d)   Declare that FLHSMV's actions denying or delaying dealer-license transfers to the Property are arbitrary, capricious, and without lawful basis.

2.  Injunctive Relief

    a)  Permanently enjoin FLHSMV, its officers, employees, agents, and all persons acting in concert with them from enforcing any unwritten "caps" on the number of dealer licenses at Owner's Property;

    b)  Order FLHSMV to process and adjudicate all pending dealer-license transfer applications for the Property under the same standard applied to similarly situated properties;

    c)  Require FLHSMV to issue any necessary written notices, findings, or orders in compliance with Fla. Stat. §§ 120.60 and 120.569.

    d)  Award Owner its reasonable attorneys' fees and costs under 42 U.S.C. § 1988 and Fla. Stat. § 57.105;

3.  Grant Owner such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Owner demands a trial by jury on all claims so triable.

This 19th day of August, 2025.

Respectfully submitted,

/s/ Ryan T. Pumpian
Ryan T. Pumpian
Florida Bar No. 156220
Primary:  rpumpian@bloom-law.com
Secondary:  eirving@bloom-law.com

BLOOM PARHAM, LLP
977 Ponce de Leon Avenue, N.E.
Atlanta, GA  30306
Telephone:  (404) 577-7710
Facsimile:  (404) 577-7715

*Counsel for Plaintiff*

-14-