**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


7305 COMMERCIAL LLC,

       Plaintiff,

v.                                   CASE NO. 4:25cv356-RH-MAF

DAVE KERNER, in his official
capacity as Executive Director of the
Florida Department of Highway Safety
and Motor Vehicles,

       Defendant.

_____/


**ORDER DENYING THE MOTION TO
DISMISS THE AMENDED COMPLAINT**


     The plaintiff alleges it owns real property it could and would rent to multiple motor vehicle dealers but for one impediment: the defendant Executive Director of the Florida Department of Highway Safety has capped at one the number of dealers who can occupy a single property. The plaintiff alleges this cap applies only to the plaintiff—that at least one other identically situated property has been allowed to have multiple dealers. The plaintiff alleges enforcement of the one-dealer cap against the plaintiff thus violates the Fourteenth Amendment's Equal Protection Clause.

The defendant has moved to dismiss the amended complaint on three grounds, all unfounded.

First, the defendant says the action is barred by sovereign immunity. Not so. Under *Ex parte Young*, 209 U.S. 123 (1908), a claim may be brought in federal court for prospective relief against a state official engaged in an ongoing violation of federal law. That is this case. The defendant says he enforces state law in relevant respects only against motor vehicle dealers, not against property owners like the plaintiff, and that this somehow renders *Ex parte Young* inapplicable. But this assertion blinks reality. The amended complaint alleges, and the motion to dismiss does not deny, that there is one and only one reason the plaintiff cannot rent his property as intended: the defendant's allegedly unconstitutional one-dealer cap. The plaintiff can challenge the cap in this action.

Second, the defendant says the plaintiff lacks standing. In *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), the Supreme Court said the "irreducible constitutional minimum of standing contains three elements." First, the plaintiff "must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id*. (internal quotation marks and citations omitted). Second, "there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the

challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Id*. (internal quotation marks, ellipses, and brackets omitted). Third, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id*. (internal quotation marks omitted).

Here the plaintiff easily meets these requirements. The amended complaint alleges that but for the defendant's unconstitutional conduct, the plaintiff would promptly rent its property to multiple motor vehicle dealers. If the plaintiff wins, an injunction will remedy the defendant's violation and allow the rentals to go forward. *See Walters v. Fast AC, LLC*, 60 F.4th 642, 649 (11th Cir. 2023) (holding that when a plaintiff suffered an actual, concrete harm, the injury-in-fact analysis is complete); *see also Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1273 (11th Cir. 2003) ("[E]ven harms that flow indirectly from the action in question can be said to be fairly traceable to that action for standing purposes.") (internal quotation omitted); *Lewis v. Governor of Ala.*, 944 F.3d 1287, 1301 (11th Cir. 2019) (the question for redressability is whether a decision in the plaintiff's favor would significantly increase the likelihood that he would obtain relief that directly redresses the injury that he claims to have suffered).

Third, defendant says the amended complaint fails to state a claim on which relief can be granted. But the amended complaint alleges the plaintiff has been

Case No. 4:25cv356-RH-MAF

treated differently than at least one identically situated property owner. The defendant faults the amended complaint for not alleging at greater length the similarities between the disparately treated properties, but the amended complaint adequately alleges there are no material differences in the properties. The amended complaint adequately alleges a class-of-one equal protection claim. *See, e.g., Village of Willowbrook v. Olech*, 528 U.S. 562 (2000); *PBT Real Estate, LLC v. Town of Palm Beach*, 988 F.3d 1274, 1285–86 (11th Cir. 2021); *Campbell v. Rainbow City*, 434 F.3d 1306, 1314 (11th Cir. 2006).

IT IS ORDERED:

The motion to dismiss, ECF No. 31, is denied.

SO ORDERED on December 29, 2025.

s/Robert L. Hinkle
United States District Judge